109    277
135    161

109    277
144    191

F. C. Austin Manufacturing Co. v. J. J. Decker and the Union Bank of Wilton, Appellants.

Sales:   collateral agreement: *Concurrent remedies upon.*   A. purchased of plaintiff a well-making outfit, and agreed to pay a.,

certain price therefor on its delivery. A bank endorsed on the contract of purchase a certificate, which recited that the purchaser had deposited the price of the machine with it, subject to plaintiff's order when the machine was set up, and worked satisfactorily. *Held*, that plaintiff could, on completion of his contract, maintain an action against the purchaser and the bank concurrently for the price.

ELECTION OF REMEDIES. Plaintiff recovered verdict against the buyer and the endorsing bank, but bank obtained a new trial. *Held*, the bank could not say that judgment against the buyer on the verdict, was an election precluding a recovery on the collateral agreement, nor that plaintiff has no right of recovery against the bank in an independent suit but must proceed by execution to subject any money now in bank for the purchaser, and the mere fact that plaintiff might have waived the bank's promise to pay and proceeded against the funds deposited by purchaser, by garnishment or execution, is no defense to the action.

DEFENSES: *Failure of consideration*. A. purchased a well-making outfit, and agreed to pay therefor on its delivery. A bank endorsed on the contract of purchase a certificate that purchaser had deposited the price of the machine with it, which was subject to plaintiff's order when the machine was set up and worked satisfactorily. *Held*, in an action by the vendor against the bank to recover the price, that evidence to show that the purchaser had no money on deposit at the time the bank executed the certificate is inadmissible, in the absence of a plea of failure of consideration, assuming, for the sake of the argument, that a consideration thus definitely expressed in writing could be contradicted.

EVIDENCE: *Declarations of vendor's agent*. A. purchased a well-making outfit, and agreed to pay a certain price therefor on its delivery. A bank indorsed on the contract of purchase a certificate, which recited that purchaser had deposited the price with it, which was subject to plaintiff's order when machine was set up and worked satisfactorily. *Held*, in an action by the vendor against the purchaser and the bank to recover the price, that statements. made by the agent of the vendor during the negotiations, as to the reason he wanted the bank to sign the certificate, are wholly immaterial.

SAME. Evidence of conversations had between vendor's agent and purchaser, with reference to the certificate, and also the purchaser's testimony as to whether he requested the bank to sign it, is immaterial.

*Harmless error*. A. purchased a well-making outfit, and agreed to pay a certain price therefor on its delivery. A bank endorsed on the contract of purchase a certificate, which recited that the purchaser had deposited the price of the machine with it, which was subject to plaintiff's order when the machine was set up and

worked satisfactorily. The evidence, in an action by the vendor against the purchaser and the bank to recover the purchase price, disclosed that prior to the signing of the certificate the purchaser and plaintiff's agent went to defendant's bank, and the agent there stated, in purchaser's presence to the bank's cashier, that he would sell the machine if the bank would execute the certificate, and also stated to the cashier that purchaser had requested him to procure the signature of the bank. To this the purchaser made no protest. *Held*, if it was error to exclude evidence as to whether or not purchaser had requested the bank to sign the certificate, it was without prejudice to the bank, as his assent to what was said in his presence, without dissent, will be implied.

*Fraud.* A statement by plaintiff's agent that another had requested him to secure defendant's signature to an obligation, though false, if made in the presence and hearing of such other, is not a legal fraud, so as to invalidate the obligation.

*Appeal from Muscatine District Court.*—HON. JAMES M. BOLLINGER, Judge.

THURSDAY, OCTOBER 12, 1899.

ACTION at law for the purchase price of a well-making outfit. There was a trial to a jury, resulting in a verdict and judgment for plaintiff, and defendant the Union Bank of Wilton appeals.—*Affirmed.*

*P. M. Detwiler* for appellant.

*E. M. Warner* for appellee.

DEEMER, J.—On July 16, 1895, the defendant Decker ordered of plaintiff a well-making outfit, for which he agreed to pay the sum of four hundred dollars upon delivery of the machine. On the back of the order was a certificate described as a banker's certificate of deposit, which reads as follows:
"July 16, 1895. F. C. Austin Manufacturing Company, Chicago, Ill.: Mr. J. I. Decker, of Wilton Junction, Iowa, has this day deposited with us, in legal tender, four hundred dollars, with Chicago exchange,

subject to your order when machine is set up and works satisfactorily. Union Bank of Wilton, J. L. Giesler, Cashier. H. W." The order was accepted and the machine delivered, but Decker failed to pay for it, and this action was brought against both defendants to recover the purchase price. Defendant Decker pleaded that his signature to the order was procured through fraud; that plaintiff failed to furnish a man to set up the machine, and put it into successful operation, as agreed; that the machine was not as represented, and was and is of no value; and that the certificate on the back of the order was obtained by fraud and false statements, and was and is without consideration. The defendant bank denies the allegations of the petition, and says that its signature to the certificate was obtained through fraud. On these issues the case was tried to a jury, resulting in a verdict for plaintiff. A motion for a new trial was overruled as to defendant Decker, and judgment was rendered against him for the amount of the verdict. The motion as to the bank was sustained, and thereupon plaintiff filed an amendment to its petition reciting the recovery of the judgment against Decker, and asking judgment against the bank on its certificate. The bank demurred to this amendment, and its demurrer was overruled, to which ruling exception was duly taken. It thereupon filed an amendment to its answer, in which it pleaded that it had no money belonging to Decker at the time it signed the certificate, and further pleaded that, as plaintiff had taken judgment against defendant Decker, it had elected to hold him for the purchase price, and thereby discharged the bank from liability on its certificate. On the issues tendered by these amended pleadings the case was tried to the court, resulting in a judgment for plaintiff.

Appellant contends that by the terms of the certificate in suit it became the agent of its co-de-

fendant, Decker, and that, as plaintiff has taken judgment against Decker, it has either made such an election of remedies as that it is now precluded from recovering on the certificate, or that it has no right of recovery against the bank in an independent suit, but must proceed by execution to subject the money now in the hands of the bank belonging to Decker to the payment of its judgment against Decker. We do not regard either of these propositions tenable. The bank was something more than the mere agent of its co-defendant. It is expressly stated in the certificate which is in the handwriting of its cashier that Decker had deposited the sum of four hundred dollars with it, which it agreed to pay to plaintiff's order when the machine was set up and worked satisfactorily. The bank was, at least, a bailee, and, we are inclined to think, was a surety for the performance of defendant's contract. The verdict of the jury and the judgment against Decker were conclusive as to his liability, and defendant's promise was simply collateral to that of its co-defendant. There is no room here for the application of the doctrine of election of remedies. The remedies were not inconsistent, but concurrent and cumulative. Of course, if the judgment against Decker had been satisfied, there could be no recovery from the bank; but, when the remedies are concurrent and cumulative, the plaintiff may adopt either or both, at his election, and he is not concluded if he adopts but one until he has received satisfaction. In instituting an action against Decker the plaintiff did nothing that was inconsistent with its right to proceed against the bank. The whole doctrine of election is based upon the theory that there are inconsistent rights or remedies of which a party may avail himself; and a choice of one is held to be an election not to pursue the other. The principle does not apply to co-existent and consistent remedies. *Kearney Milling & Elevator Co. v. Union Pacific Railway Co.,* 97 Iowa, 719. See *Moller v. Tuska,* 87 N. Y. 169; *Morris v. Rexford,* 18 N. Y. 552. Plaintiff

could not enforce the promise of the bank to pay the money deposited, by execution against the defendant Decker. Whether or not it might have waived the promise and garnished the bank, we are not required to determine, for it elected to sue the bank on its promise; and the mere fact that it might have waived the promise and issued execution is no defense to the action. This proposition is so clear that we need not fortify it by the citation of authority.

II. Defendant complains of certain rulings of the court rejecting evidence offered by it as to what plaintiff's agent said to defendant's cashier at or about the time the certificate in suit was written, and in denying it the right to show that it had no money of Decker's at the time it executed the certificate in question. The last ruling was evidently correct. The instrument sued on recites in so many words that Decker had deposited the sum of four hundred dollars with the bank, and there is no plea of failure of consideration. If there had been such plea, it is doubtful if the evidence offered would have been admissible to contradict the clearly expressed consideration of the contract. Evidence as to what was said between plaintiff's agent and the cashier of the defendant was admitted over plaintiff's objection, and the cashier testified that he had no conversation with Decker about signing the certificate, although he admits that Decker was present at the time he signed the instrument, and stood within eight feet of plaintiff's agent at the time the negotiations were being conducted. It thus appears that most, if not all, of the evidence which defendant claims should have been admitted was received by the court over plaintiff's protest. Objections to questions propounded for the purpose of obtaining the statements made by the agent as to his reasons for wanting the bank to sign were properly sustained. Statements made by this agent as to his reasons for wanting the bank's certificate were wholly immaterial to any issue in the case. Decker was not allowed

to testify in regard to the conversation he had with plaintiff's agent with reference to the certificate, and was also denied the right to state whether or not he requested the bank to sign the certificate. We do not think there was any prejudicial error in these rulings. If defendant bank signed the certificate, as the evidence unquestionably shows it did, what was said by Decker to the agent previous to that time was wholly immaterial. The bank might well sign it, and be bound by its obligation, although Decker had said nothing to plaintiff's agent about it previous to the time the certificate was in fact made. Again, if the bank signed without request from its co-defendant, it cannot escape liability to plaintiff because of the absence of such request. It may be it could not, in the absence of such request, make Decker its debtor, but that is no reason for allowing it to escape liability to plaintiff on its promise. But, in any event, the rulings were without prejudice. Decker was present, and in hearing distance of the parties, at the time the certificate was procured. Plaintiff's agent stated, in his presence, to the cashier of the bank, that he would sell the machine, provided the bank would sign the certificate; and further stated that he (Decker) had told him to procure the signature of the bank. To this Decker made no protest, although he must have heard what was said. He went to the bank with the agent, and left with him, and must have known what the object was in going there. The mere fact that there was no express agreement between the parties that the bank should sign is in no manner controlling, in view of these undisputed facts. Decker's presence and presumed assent to the signing of the instrument is all that was required; so that, if there was no express agreement, it would not defeat plaintiff's right to recovery. And the statement of the agent that Decker had requested him to procure the signature of the bank to the certificate, even if false, would not, under the circumstances, amount to a legal fraud. There is no prejudicial error, and the judgment is AFFIRMED.