J. CHAS. McNABB, *Appellant,* v. TAMPA AND ST. PETERSBURG LAND COMPANY, A CORPORATION, *Appellee.*

Opinion July 22, 1919.

1. Whenever, in the organization of a corporation, there arises or exists between the promoter and the inchoate corporation a quasi trust relation and there is a breach of the fiduciary duty growing out of such relation, an action may be maintained by the corporation in a court of equity, for discovery and accounting, to rescind or set aside the agreement or transfer, to establish the trust and recover such secret profits from such promoter.

2.  Allegations in a bill of complaint which simply show a few years between the accrual of a right and the assertion of such right but do not show evidence of a change of values or other circumstances substantially changing the relationship of the parties or status of property rights involved, do not make it demurrable upon the ground of laches.

3.  Equity will not take jurisdiction, where the remedy at law is full, adequate and complete; but where the remedy at law is not full, complete and adequate, or where complete relief is doubtful, and a more ample and appropriate remedy may be thereby afforded, equity will take cognizance, and give relief, if it can be done in accordance with recognized principles of chancery jurisdiction.

4.  Whenever, in the organization of a corporation there exists between the promoter and the corporation a quasi trust relation and there arises a right of action growing out of a breach of the fiduciary duty resulting from such relation, a court of equity affords a far more ample, complete and adequate remedy than can be had in a court of law.

An Appeal from the Circuit Court for Pinellas County; O. K. Reaves, Judge.

Order affirmed.

*John U. Bird,* for Appellant;

*E. M. Oliver* and *Roy V. Sellers,* for Appellee.

BRANNING, Circuit Judge.—This is an action brought by Tampa and St. Petersburg Land Company, a corporation, complainant in the lower court, against G. M. Dunlap, J. Chas. McNabb and J. E. Young, defendants.

The bill of complaint in substance alleges that complainant is a corporation duly authorized and organized to do business under the laws of Florida, December 28th, 1912. That on and prior to October 30th, 1912, The Wisconsin Guaranty Investment Company was a corporation under the laws of Wisconsin and owned and was in possession of certain land described in the bill; that said The Wisconsin Company employed defendants jointly as agents to sell said land; that defendants when they had so been employed by said Wisconsin Company, began to promote the formation of the complainant corporation, and induced F. A. Wood, R. H. Thomas, F. W. Wilcox, G. C. Prather, R. C. Prather, H. C. Dent and M. L. Stoner to take 20 shares each of such stock, making with their own subscription 200 shares of the par value of $100.00 each, out of 300 shares authorized by the charter afterward procured; and all of said persons, including said promoters, are still stockholders, to the amount above stated, in complainant corporation.

That after most of said stock subscriptions had been secured defendants procured the subscribers to the stock to agree to buy said land from The Wisconsin Company for the sum of $16,640.00, for the corporation proposed to be organized, and as the charter had not yet been obtained, and there was no corporation in existence to make contracts, they procured a contract to be executed for the sale of said lands by The Wisconsin Company and purchased by Ralph C. Prather, one of the subscribers for stock above mentioned, he acting as agent or trustee of the proposed corporation, intending and agreeing to transfer to it when organized all rights vested in him by said contract; and that said Ralph C. Prather did afterwards transfer and convey to complainant all his

interest in said contract. The terms of payment under said contract were: $3,000.00 at delivery of contract, balance of purchase price to be paid in four annual installments of $3,410.00; that some payments were extended, but all payments have been fully paid by complainant and a deed to said land received by complainant from The Wisconsin Company.

That on the day the contract of sale and purchase was made between The Wisconsin Company and the trustee for the proposed corporation, a written agreement was entered into between The Wisconsin Company and the defendants in accordance with a previous understanding, wherein The Wisconsin Company agreed to pay the defendants a commission for selling the land; that on the same day defendants gave to The Wisconsin Company their joint receipt for $1,000.00 as a part of the commission agreed to be paid them.

That the payments made to The Wisconsin Company for said land by complainant were raised by assessing each of the subscribers to said stock his proportionate share, and collecting and paying over the amounts so raised to The Wisconsin Company in accordance with the contract; that the payments under these assessments to be made by the defendants were always made by applying to their assessments and crediting thereon the amount due them as commissions by The Wisconsin Company for the sale of said land; that said commissions with the interest thereon have all been paid to defendants by The Wisconsin Company and all applied to the payment for the stock in complainant corporation; that certificates of stock for 20 shares each respectively have been issued to the defendants herein; and that none of the

stock so issued has been transferred upon the books of complainant corporation.

That defendants occupied a fiduciary relation as such promoters prior to and pending the organization of complainant corporation and at the time of making the contract of sale by The Wisconsin Company to the trustee for the proposed corporation, this complainant, and were bound to exercise the utmost good faith to make full disclosures of the whole transaction and were precluded from deriving any advantage over other stockholders; that defendants did not disclose to complainant or to the other stockholders that they were to or did obtain such commission of $4,480.00.

That defendants during the transactions set out occupied toward the complainant the relation of trustees, that their failure to inform said subscribing stockholders and complainant that they were getting a profit was a breach of trust for which they ought to be held to an accounting, and a fraud entitling complainant to require them to refund to it the secret profits so acquired by them, with interest from the time they were appropriated.

That the said secret profits are a trust fund in the hands of defendants, which in equity was rightfully the property of complainant; that defendants converted said fund into other property by applying the same to the payments for said stock above described issued to them, and said secret profits entered into and constituted the greater part of the consideration paid by them for said stock, all of consideration, in fact, except about $200.00.

Then follows the prayer for relief; that defendants be decreed to be trustees; for an accounting of the secret profits; that principal and interest be ascertained; that a trust be fastened upon the shares of stock above

154     SUPREME COURT OF FLORIDA.

McNabb v. Tampa and St. Petersburg Land Co.—Opinion of Court.

described issued to defendants; that defendants be decreed to pay complainants the amount found to be due together with interest and costs, or in default that sufficient of said stock be sold to satisfy such decree and then a prayer for general relief and for process.

A demurrer was interposed separately by J. Chas. McNabb to the bill of complaint. The demurrer was overruled by the court below, and this ruling is assigned as error.

In arguing the appeal appellant insists upon three points:

First, can appellee maintain the suit in its corporate capacity when the bill shows that the injury, if any, was to the individuals constituting the stockholders before the corporation was formed?

Second, if so, does the bill show such laches as will estop the appellee from maintaining the bill?

Third, has the appellee an adequate remedy at law?

Counsel for appellant admits that he is unable to favor the court with any authority supporting his contention.

In Volume 3, paragraph 1096, discussing special classes of quasi trustees, Mr. Pomeroy says: "In addition to the foregoing general classes of suits, there are certain special classes analogous to the former, and like them based upon the conception of an existing quasi trust relation, and of a breach of fiduciary duty growing out of such relation. These special cases should be mentioned, in order to complete the view of partial trusts connected with the management of corporations. In the first place, an action may be maintained by the corporation against its promoters, to set aside a transfer, or to rescind an agreement, or to obtain other proper relief, whenever, in the organization of the company, there has been a breach of

the fiduciary duty owed by the promoters to the future corporation * * *." Also see Clark on Corporations, p. 108; 10 Cyc. 274 and cases cited; Yale Gas Co. v. Wilcox, 64 Conn. 101, 29 Atl. Rep. 303, 25 L. R. A. 90; 10 Cyc. 276; iv. Kilbourn v. Sunderland, 130 U. S. 505, 32 L. Ed. 1005, 9 Sup. Ct. Rep. 594; Moore v. Warrior Coal & Land Co., 178 Ala. 234, 59 South. Rep. 219; Ann Cas. 1915 B, 173.

According to these authorities appellant's first contention fails.

I have examined the authorities cited by appellant upon his second contention, as to laches. I find nothing sufficiently analogous between the cases cited and allegations of the bill of complaint in this cause to warrant the court holding that complainant is barred by laches.

The third ground argued by appellant is that appellee had an adequate remedy at law.

I have examined the authorities cited by counsel for appellant and appellee.

While it is true Cyc. Vol. 10, page 276, lays down the rule, "Promoters who thus, in breach of their trust and in fraud of the corporation, take to themselves secret profits are liable to account for the same in equity at the suit of the corporation; and it may maintain an action of assumpsit against them and recover such profits where an accounting is not necessary, as so much money had and received by them to its use, although the gravamen is fraud and deceipt * * *." All facts well pleaded in the bill of complaint are admitted by the demurrer to be true; and so taking them to be true the court should follow the rule laid down in Rentz v. Granger & Lewis, 64 Fla. 445, 60 South. Rep. 231; "Equity will not take jurisdiction, where there is a full, adequate and complete rem-

edy at law; but where the remedy at law is not full, complete and adequate, or where complete relief is doubtful, and a more ample and appropriate remedy may be thereby afforded, equity will take cognizance, and give relief, if it can be done in accordance with recognized principles of chancery jurisdiction," citing Carter vs. Bennett, 6 Fla. 214, and Gordon vs. Simonton, 10 Fla. 179.

A brief examination of Davis v. Las Ovas Co., 227 U. S. 80, 57 L. Ed. 426, 33 Sup. Ct. Rep. 197, opinion of court, briefs, citations and case note will convince one that the remedy in equity under the facts alleged in the bill now before the court is far more full and complete than an action at law. Valuable suggestions may also be obtained by an examination of Sections 1044-47 to 1051 of Pomeroy; also Old Dominion Copper Mining & Smelting Co. v. Bigelow, 188 Mass. 315, 74 N. E. Rep. 653; Yeiser v. United States Board and Paper Co., 107 Fed. Rep. 340, 52 L. R. A. 724.

The order appealed from should be affirmed.

PER CURIAM.—The record in this cause having been considered by this court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the court as its opinion, it is considered, ordered and adjudged by the court that the order herein be and the same is hereby affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.