STATE OF FLORIDA, *ex rel.* B. J. VAN INGEN, J. J. SHAM-
BAUGH, E. J. MARSHALL, A. S. HUYCK, JOHN S. HARRIS,
C. T. DIEHL, and T. V. BUCKWATER, v. CITY OF PANAMA
CITY, CUSTER P. RUSS, C. M. HARRIS, H. L. SUDDETH,
W. R. NICHOLS, and J. WILL BROWN, as and constituting
the City Commission, and E. R. THOMPSON, City Tax
Collector.

171 So. 760.

Division B.

Opinion Filed January 8, 1937.

*F. P. Fleming* and *J. M. Bryant,* for Plaintiffs in Error;
*J. M.* and *H. P. Sapp,* for Defendants in Error.

TERRELL, J.—During and prior to the year, 1930, the
City of Panama City and the municipal corporations of
which it was the successor issued general and special assess-
ment bonds which became in default as to both principal and
interest. Plaintiffs in error being the holders of a portion
of said bonds, recovered three judgments against the City
of Panama City on defaulting principal and interest and
as relators brought a proceeding in mandamus to compel
the defendant, Panama City, to hold a tax sale as provided
by Section 969, Compiled General Laws of 1927, to en-
force payment of delinquent taxes in order that the judg-
ments thus secured might be paid.

A motion to quash the alternative writ was at first de-
nied, a return was filed, and demurrer thereto was over-
ruled. Motion for peremptory writ notwithstanding, the
return was denied and the alternative writ was then quashed.
A final judgment was entered dismissing the proceeding
and writ of error was prosecuted thereto.

At the time the bonds were issued the law (Chapter
11678, Acts of the Extraordinary Session of 1925, being
the charter of Panama City) required that Panama City or
its predecessor municipal corporations should annually levy
and assess sufficient taxes to pay the interest on said bonds
as it matured and the principal when due and that such
taxes be payable on November 1 of each year or as soon
thereafter as the assessment roll came into the hands of
the tax collector. (Section 120, Chapter 11678, *supra.*)

Section 125 of Chapter 11678, provides the procedure for
collecting delinquent taxes, making the state law (Section

969, Compiled General Laws of 1927), applicable in so far as it requires that if taxes are not paid before the first of April in each year the tax collector should advertise and sell the real estate and levy upon and sell all the personal property upon which taxes were delinquent.

The Legislature of 1931 enacted Chapter 15422 which Panama City contends provides an additional or new remedy for the collection of delinquent taxes and being so it (Panama City) now has an election of remedies to enforce the collection of such taxes and that it has elected to proceed under said Act rather than under Chapter 11678, Acts of 1925, to enforce payment of said taxes. The court below upheld this contention.

In this situation the only question we are required to answer is whether or not Chapter 15422, Special Acts of 1931, provided a new and additional method of enforcing payment of delinquent taxes under which Panama City may now proceed to the exclusion of the provisions of its charter (Chapter 11678, Acts of 1925) in force at the time the bonds were issued.

It is admitted that all laws in force affecting the validity and binding force of the contract including the contract of those bonds issued by the predecessor municipal corporations of Panama City, entered into and became a part of the bond contract between the city and the holder of the bonds. McCracken v. Hayward, 2 How. 608, 11 L. Ed. 397; Fletcher v. Peck, 6 Cranch 87, 3 L. Ed. 162; Selover, Bates & Co. v. Walsh, 226 U. S. 112, 33 Sup. Ct. Rep. 69, 57 L. Ed. 146; State, *ex rel*. Dos Amigos, v. Lehman, 100 Fla. 1313, 131 So. 533; Humphries v. State, *ex rel*. Palm Beach Company, 108 Fla. 92, 145 So. 858.

It has been said that the obligation of a contract consists in its binding force on the party who made it. While it is

generally conceded that laws in force affecting its validity at the time the contract is executed enter into its obligation, the parties to it have no vested right in the remedies or modes of procedure then existing for its enforcement, and the Legislature may modify or change existing remedies or prescribe new modes of procedure, without impairing the obligation of contracts, provided a substantive or efficacious remedy remains or is provided by which a party can enforce his rights under the contract. Oshkosh Water Works Co. v. City of Oshkosh, 187 U. S. 437, 23 Sup. Ct. Rep. 234, 47 L. Ed. 249; Henley v. Meyers, 215 U. S. 373, 30 Sup. Ct. Rep. 148, 54 L. Ed. 240; Ettor v. City of Tacoma, 228 U. S. 148, 33 Sup. Ct. Rep. 428, 57 L. Ed. 773.

Chapter 15422, Special Acts of 1931, shows. on its face to be "cumulative and additional" to other remedies provided. It in terms inhibits the repeal of any other law, now or hereafter existing for the collection of delinquent taxes due or to become due the city. It provides a method by suit in chancery for that purpose after two years from the date the taxes become delinquent, whereas the law (Chapter 11678, Special Acts of 1925) in force at the time the bonds in question were issued provided that all taxes were due and payable on the first of November of each year and if not paid by the first of April following the tax collector was required to advertise and sell the property for the nonpayment of the taxes.

The doctrine appears well settled that election implies choice between alternative and inconsistent rights or remedies. The choice of one infers an election not to pursue the other. The person electing cannot enjoy both. It has no application to existing or consistent remedies. Austin Mfg. Co. v. Decker, 109 Iowa 277, 80 N. W. 312; First National Bank v. Holland, 99 Va. 495, 39 S. E. 126; Tyler

County State Bank v. Shivers (Tex. Civ. App.) 281 S. W. 264; Hogan v. N. Y. Co. and H. R. R. Co., 223 Fed. 890.

The doctrine of election can have no application here because the remedy provided for enforcing delinquent taxes by Chapter 15422, Special Acts of 1931, and that provided by Chapter 11678, Special Acts of 1925 (City Charter of Panama City), are not alternative or inconsistent, they. are cumulative and consistent and ordinarily either might be pursued but where contracts have been made in reliance on the one it cannot be abondoned to pursue the other if the obligation of the contract is materially .affected. Except in cases where contract rights are involved the city would have the option to choose between the remedies provided in these statutes but technically there is no such thing as an election between them.

We are not here concerned with the question of whether Chapter 15422 provides a more effective remedy for enforcing the collection of delinquent taxes than Chapter 11678. The record before us discloses that while defendants in error assert their right to proceed under the former Chapter, they have elected to proceed under Chapter 15422, but election is as far as they have gone. They have taken no steps whatever to enforce payment. And under the method they propose to follow the tax sale can be put off four or five years.

It follows that Chapter 11678, Special Acts of 1925, being the law in force at the time the bonds brought in question were issued, became a part of the obligation of the bond contract and not having been paid, plaintiffs in error are entitled to have the payment of delinquent taxes enforced under said Act in the manner prayed for. This interpretation gives both Acts a field of operation while otherwise

Chapter 15422 would be invalid as to the bonds of plaintiff in error.

For this reason the judgment below must be and is hereby reversed.

Reversed.

ELLIS, P. J., and BUFORD, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.