## CITY OF BRADENTON v. PAUL FUSILLO.

184 So. 234.
Division A.
Opinion Filed October 31, 1938.

*Hubert Blakey,* for Plaintiff in Error;
*Alvan B. Rowe,* for Defendant in Error.

BUFORD, J.—Paul Fusillo, the holder of a certain Bradenton refunding bond issued March 1, 1930, which matured March 1, 1934, and which was in default and on which no part of the interest had been paid since March 1, 1935, and

the holder of City of Bradenton improvement bonds issued November 1, 1926, due and payable November 1, 1935, and on which interest was in default and holder of Bradenton improvement bonds dated January 2, 1926, and payable January 2, 1936, and upon which interest was in default, and holder of Bradenton Sanitary Sewer bond dated February 1, 1925, upon which interest was in default, and due and payable February 1, 1935, filed suit in the Circuit Court against the City of Bradenton.

The City was served with process and suffered default to be taken and subsequent thereto, on the 19th day of May, 1938, final judgment to be entered.

The final judgment contained the following language:

"Ordered and adjudged by the Court that the plaintiff, Paul Fusillo, do have and recover of and from the defendant, City of Bradenton, a municipal corporation, the sum of $13,581.06 together with his costs in this behalf laid out and expended and now taxed at $9.95 for all of which let execution issue.

"Done and ordered at Bradenton, Florida, this 19th day of May, A. D. 1938."

To this judgment the defendant City took writ of error, the sole contention being that the Court was without power to include in the judgment the order "for all of which let execution issue."

It is too well settled to admit of question at this time that all the laws which subsist at the time and place of the making of a contract and where it is to be performed, enter into and become a part of the contract made as if they were expressly referred to and incorporated under its terms, including alike those laws which affect its construction, validity, enforcement or discharge." See Commissioners of Columbia County v. King, 13 Fla. 457; Humphreys v. State, *ex rel.* Palm Beach County, 108 Fla. 92, 145 Sou. 858;

State, *ex rel.* Select Tenures, Inc., v. Raulerson, Clerk, 129 Fla. 346, 176 Sou. 270; State, *ex rel.* Van Ingen, v. City of Panama City, 126 Fla. 776, 171 Sou. 760.

The plaintiff in error contends that the provisions of Section 32 of Chapter 9692, Special Acts of 1923, the same being the Charter Act of the City, is the controlling statutory provision in regard to the collection of judgments entered against the City. The pertinent part of that section provides:

"For ordinary purposes the rate of taxation shall not exceed Ten (10) mills on the dollar. A special tax shall be levied to create a sinking fund for the payment of the City's bonded indebtedness and the interest thereon, or for the discharge of any judgment obtained against the City, the payment of which may be compelled by Mandamus."

It is the contention of plaintiff in error that the words "the payment of which may be compelled by Mandamus" limits the method by which a judgment creditor may enforce the payment of his judgment, and that, therefore, the plaintiff in the court below is not entitled to have a judgment for execution to issue. This contention is upon the theory that the word "may" as used in the statute means "shall."

We cannot agree with this contention.

The language used in the statute as above quoted only reaffirmed that which the law already provided and did not purport to limit the method by which payment could be enforced to proceedings in Mandamus.

The purpose of Section 32, Chapter 9692, *supra,* was not to limit the proceedings under which the payment of bonds could be enforced and collected to Mandamus, but was for the purpose of limiting and prescribing the powers and duties of the City in the matter of levying taxes.

The provision, "A special tax shall be levied to create a sinking fund for the payment of the city's bonded indebted-

ness and the interest thereon or for the discharge of any judgment obtained against the City, the payment of which may be compelled by Mandamus," means only that a special tax shall be levied for the discharge of any judgment obtained against the City, the payment of which may be compelled by Mandamus. In other words, the language, "the payment of which may be compelled by Mandamus," is merely descriptive of the sort of judgment for the payment of which a special tax shall be levied.

Section 1 of Chapter 17125, Acts of 1935, which reads as follows: "No money judgment or decree against a municipal corporation shall be a lien upon its property nor shall any *fieri facias* or any writ in the nature of a *fieri facias* based upon any such judgment be issued or levied," can have no effect upon the rights of the plaintiff in the court below because that Act was passed long subsequent to the issuance of the bonds and is ineffectual to limit the force and effect on a judgment against the issuing authority based upon bonds issued prior to that enactment.

In an unbroken line of decisions this Court has held that a Municipality's property unconnected with any public function may be sold under execution and that execution may be ordered to issue upon judgment rendered against a municipal corporation. See City of Coral Gables v. Hepkins, 107 Fla. 778, 144 Sou. 385, and cases there cited. See also Sanford v. Dofnos Corporation, *et al.,* 115 Fla. 795, 156 Sou. 142.

For the reasons stated, the judgment is affirmed.

So ordered.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.