AGUSTUS T. ASHTON v. TOWN OF LANTANA, FLORIDA.

1 So. (2nd) 639
Division A
Opinion Filed April 18, 1941

*W. Terry Gibson* and *Herbert T. Gibson,* for Appellant; *Willard Utley,* for Appellee.

BUFORD, J.—Appellant, having recovered judgment against

defendant on the 16th day of January, 1939, on certain bonds and coupons issued by the defendant in 1926, procured the issuance of execution on his judgment. The execution was returned *nulla bona.*

On the 5th day of February, 1940, plaintiff exhibited his bill of complaint in the nature of a creditors bill in the Circuit Court of Palm Beach County in which he, in effect, showed the pertinent facts in regard to the procuring of his judgment, *supra,* and the issuance and return *nulla bona* of the execution. He showed that the defendant had no property subject to execution and that resort to mandamus to coerce the levy of taxes to pay his judgment would be ineffectual. He then showed that the defendant had prosecuted tax lien foreclosure proceedings against certain lands described and that on January 1, 1940, the lands had been sold pursuant to the terms of a final decree in foreclosure and that at such sale such lands were sold by the special master to the defendant but that defendant had made no effort to procure an order of confirmation of such sale, but had designedly left the legal title suspended to preclude the plaintiff from having execution levied on the lands so acquired by the defendant. That the lands were not bought in by defendant to be used for any governmental municipal purpose but were bought for the purpose of enforcing its lien for municipal taxes. He prayed for an adjudication of the interest of the defendant in the lands, that the defendant be required to do whatever might be necessary to complete the foreclosure proceedings for the use and benefit of plaintiff and that all interest of the defendant, legal or equitable, in and to the lands be sold and the proceeds be applied to the discharge of plaintiff's judgment.

After a minor amendment to the bill of complaint, motion to dismiss was interposed and granted. Plaintiff appealed.

If the allegations of the bill are true, there can be no

doubt that had the sale under foreclosure decree been confirmed and a master's deed issued, the lands would then have been immediately subject to plaintiff's execution. See City of Coral Gables v. Hepkins, 107 Fla. 778, 144 Sou. 385; Sanford v. Dofnos Corporation, *et al.*, 115 Fla. 795, 156 Sou. 142; Bradenton v. Fusillo, 134 Fla. 759, 184 Sou. 234.

Under the conditions stated, it was the duty of the master to apply for confirmation of the sale and upon such order of confirmation being made to execute deed conveying legal title to defendant. As the matter stands, the beneficial title is in defendant subject to the equity of redemption to be exercised prior to confirmation of sale had under the tax lien foreclosure suit.

We have held that the statute authorizing levy of special tax to create a sinking fund for discharge of any judgment obtained against City the payment of which might be compelled by mandamus, did not limit the method by which judgment creditor of City might enforce payment of judgment and did not preclude issuance of execution upon the judgment. See Bradenton v. Fusillo, *supra*. We also held in the same case that the provisions of Chapter 17125, Acts of 1935, were ineffectual to limit the force and effect of a judgment against the issuing authority based upon bonds issued prior to that enactment.

It is contended by the appellee that a bill in the nature of a creditor's bill will not lie against municipal corporation debtor in behalf of this creditor.

In McQuillin Municipal Corporations, Vol. 6, page 508, it is said: "The United States Supreme Court has said that the ordinary rules which govern any proceedings between private business or private corporations are applicable to actions by or against municipal corporations. This

grows out of the right of the city to sue and its liability to be sued. . . ."

Again, on page 516, the author says: "In the absence of special provision, the general rule is that a cause of action may be prosecuted against a municipal corporation in whatever form would be appropriate against a private corporation or an individual. Hence, a creditor of a municipal corporation is not limited to an action of mandamus to compel the payment of his debt."

In the case of Hillsborough County v. W. A. Dickenson, et al., 125 Fla. 181, 169 Sou. 743, we had under consideration the office of a creditors bill and in a learned opinion prepared for the Court by Mr. Justice TERRELL, we said:

"The rule is settled in this State that equity will not take jurisdiction in a cause if the remedy at law is full, adequate and complete; but where the remedy at law is not full, complete and adequate, or when relief is doubtful, and a more ample and appropriate remedy may be thereby afforded, equity will take cognizance, and give relief if it can be done in accordance with recognized principles of chancery jurisprudence. McNabb v. Tampa & St. Petersburg Land Co., 78 Fla. 149, 83 Sou. 90." And again we said:

"The original concept of a creditor's bill was a suit in equity brought by the creditors of a deceased person for the administration of his estate or by creditors and claimants of a trust fund for the distribution of that fund. A ·like name has also been applied to proceedings by creditors to set aside a fraudulent conveyance or to remove encumbrances hindering an execution at law. As now applied a creditors bill is one brought by a creditor who has secured a judgment at law, and who has in vain attempted to satisfy it at law but after finding he cannot do so sues in equity for the purpose of subjecting property of the debtor to the payment of his judgment which cannot be so subjected by

execution at law. The nature, purpose, and scope of a creditor's bill is to bring into exercise the equitable powers of the court to enforce the satisfaction of a judgment by means of an equitable execution, because execution at law cannot be enforced. It is in the nature of an equitable execution, or equitable relief, which is granted solely on the ground that there is no remedy at law. Creditor's bills originated in the ineffectiveness of legal execution and were designed to aid creditors who having exhausted their legal remedy, still remain with their debts unsatisfied, in reaching property of their debtors not reachable by ordinary legal process. Armour Fertl. Works v. First Natl. Bank of Brooksville, 87 Fla. 436, 100 So. 362, 8 R. C. L. 2." And again we said:

"The main purpose of a creditor's bill being in aid of creditors who have exhausted their legal remedies, a judgment creditor who has done this may pursue in a court of equity any equitable interest, trust or demand of his debtor, in whosesoever hands it may be found. Dargan v. Waring, 11 Ala. 988, 46 Am. Dec. 234; Candler v. Petit, 1 Paige (N. Y.) 168. Lands or personal property in which a debtor has an equitable estate or interest, the legal title being in another, may be reached by a creditor's bill. Hall v. Anderson, 114 Ala. 601, 21 So. 1020; 8 R. C. L. 6, citing many cases."

It appears to us that plaintiff's bill was not without equity and that, as amended, its allegations were sufficient to show him entitled to the relief prayed.

The decree is reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

So ordered.

BROWN, C. J., WHITFIELD and ADAMS, J. J., concur.