TERRELL, Justice.
Alva G. Layne was discharged on August 8, 1953, as Chief of Detectives in the Department of Police, City of Daytona Beach. The order of discharge read in, part as follows:
“That this dismissal is, based on incompetency to discharge the duties of, inefficiency to properly perform the duties of and neglect to" properly perform the duties of Chief of Detectives of the Police Department of the City of Daytona Beach, and inability to properly supervise and evaluate the proper performance of duties of members of said Police Department assigned to his command.”
August 10, 1953, he protested his discharge and appealed to the Committee for Civil Service Appeals as provided by Chapter 29003, Sp.Acts of 1953. After several continuances the appeal was concluded by order of the Committee for Civil Service Appeals sustaining the discharge, with proposal to reinstate Layne to the service as *815 patrolman. December 8, 1953, Layne appealed to the full Civil Service Board which on January 4, 1954, entered its order sustaining the decision for the Committee for Civil Service Appeals.
August 10, 1954, Layne secured an alternative writ of mandamus from the Circuit Court seeking restoration to the service. Motion to quash was overruled and the City entered its return alleging (1) that Layne’s dismissal was for statutory reasons that were fully supported by the evidence; (2) that Layne was .guilty of laches in prosecuting his case; (3) all administrative proceedings were conducted strictly in accordance with law. At final hearing the court struck the defense of laches and granted peremptory writ directing appellant to reinstate Layne to his position as Chief of Detectives. This appeal was prosecuted from that order.
The first question presented is directed to the order of the Circuit Court striking the defense of laches. Ladas v. Titus, Fla., 53 So.2d 323, is relied on by appellant to support this contention.
It is true that in Ladas v. Titus there was a delay of about fifteen months in prosecuting the appeal but it w.as shown that the City was seriously prejudiced by the delay which was the ground for sustaining the defense of laches. In the case at bar, the delay was about seven months but it was not shown that anyone was prejudiced or materially affected by the delay. The rule is that laches applies only where the lapse of time would make it inequitable for one to enforce a legal right. McNabb v. Tampa & St. Petersburg Land Co., 78 Fla. 149, 83 So. 90; Cone v. Benjamin, 157 Fla. 800, 27 So.2d 90.
 It is next contended that appellee, a civil service employee of the City of Daytona Beach was dismissed as provided by the controlling civil service law, and that the Circuit Judge erred in issuing the peremptory writ.
We do not think there is any merit to this contention. Sections 4 and 29 of the amended Civil' Service Act, heretofore cited, provides that no officer or employees shall be dismissed from the service except for cause. Said act further provides that evidence of incompetency, inefficiency, dishonesty, drunkenness, immoral conduct, insubordination, discourteous treatment of the public, neglect of duty, violations of the provisions of the act, núes and regulations promulgated hereunder, any failure of good behavior or any acts of misfeasance, malfeasance or nonfeasance in office, shall be sufficient cause for dismissal.
The court granted the alternative writ on the theory that the cause was not conducted by the City in the manner provided by the civil service statute, that the charges against appellee were evasive, far from what the statute contemplates, and that they pertained to petty faults or exaggerations that were shown to have no substance in fact. They were not supported by substantial proof and did not follow or meet legal requirements. This court is committed to the doctrine that in order to suspend a police or other officer the charge upon which he is tried must allege jurisdictional grounds for removal and must also allege jurisdictional facts to support the jurisdictional grounds. State ex rel. Hawkins v. McCall, 158 Fla. 655, 29 So.2d 739. The charge in this case did neither so there was nothing else the court could do.
Discharging one from an office or employment that he is shown to have discharged well and faithfully for years is a serious matter and should be done in strict compliance with law. We find ample support in the record for the finding of the trial court so his judgment is affirmed. Rosenfelder v. Huttoe, 156 Fla. 682, 24 So.2d 108.
Affirmed.
DREW7, C. J., and HOBSON and THORNAL, JJ., concur.