## BAXTER v. CITY OF DANIA.
No. 71-9928.
Circuit Court, Broward County.
May 3, 1972.

Reasbeck & Fegers, Hollywood, for the petitioner.

Walden & Dubow, Dania, for the respondent.

LAMAR WARREN, Circuit Judge.

Petitioner presented his petition for writ of certiorari seeking to have reviewed a decision of the city of Dania, acting by and through its civil service board.

Petitioner was a sergeant of the police department and a regular employee. He received a written notice of his dismissal, dated October 1, 1971, wherein he was notified as follows —

"Under the provisions of Rule 12, Section 4, Section F, which concern causes for dismissal from the service, you are hereby relieved of duty according to the terms and conditions of these rules.

"Under Section 4, your termination from employment as an employee in the Police Dept. will take effect ten days from this date, October 1, 1971."

The personnel rules of the city, rule XII, section 4, page 45-B, provide, in material part, as follows —

"Any employee may be dismissed by the City Manager for cause. With regard to regular employees no dismissal shall take effect until at least ten days from the date a written statement of the reasons therefor is submitted to the Personnel Director and to the employee affected.

"Although dismissals may be based on other causes, any one or more of the following shall be sufficient:

\* \* \*

"F. Wantonly offensive conduct or language toward the public or fellow officers or employees, or abusive public criticism of his superiors or public officials without first taking up such complaint through proper channels."

A hearing was demanded by petitioner, pursuant to rule XI, section 8, pages 36 and 37, his letter-communication being dated October 4, 1971, and being addressed to the city, "Attention: Mr. Woody Hampton, City Manager." Section 8 limits the appeal of a regular employee who is dismissed, or who claims that the rules are improperly applied or misinterpreted to his detriment, to "within 10 days after such action is taken." It also requires that such employee shall submit his appeal "in writing to the Personnel Director who shall be responsible for arranging the hearing. Such appeal will state what action is being appealed and the general reasons therefor."

The hearing was held on October 21, 1971, at which petitioner through counsel objected to the proceedings on the ground that he had not been furnished with written reasons for his dismissal. On October 27, 1971, the civil service board advised that it concurred with the action taken by the city manager in dismissing petitioner.

Petitioner's question on review was whether there was a failure of the city to furnish him with a written statement of facts supporting its charges against him. In his brief he argued that no "written statement of the reasons" was given for his dismissal for "cause" in the notice of dismissal to him of October 1, 1971, and he listed the possible variations that are included in the "cause" found in subsection F above, to wit, the wantonly offensive conduct might be toward the public, or fellow officers, or fellow employees; the wantonly offensive language might be toward the public, or fellow

officers, or fellow employees; the abusive public criticism might be of his superiors, or of public officials. He complained therefore that he could not prepare a defense, absent a "written statement of the reasons."

Respondent stated the question to be whether the city had complied with rule XII, section 4, of the civil service rules, and also pointed to rule XI, section 8, above, arguing that petitioner's demand for hearing was insufficient because it was not directed to the "Personnel Director," it was not an appeal in writing, and it was not taken within ten days after discharge.

Petitioner responded by stating that the city manager acted as personnel director, that petitioner's demand was in writing and, that while the demand was made before the effective date of dismissal, the matter was moot because a hearing was had by the civil service board pursuant to the request, a decision was rendered, and such decision is now being reviewed.

In State v. McCall, 29 So.2d 739, the relator was suspended on written charges. At the hearing before the city commission a motion was filed asking for more particulars in order to enable relator to prepare a proper defense, however, the motion was denied. The court, in reversing the lower court which had dismissed mandamus proceedings, said, "We think that the necessity of presenting jurisdictional grounds for removal and stating jurisdictional facts which are relied upon to constitute the grounds for removal are equally important and binding and before a police officer can be removed from office he must be furnished with a written statement of the jurisdictional grounds upon which he is sought to be removed and, before trial, must be furnished with a statement of the jurisdictional facts upon which the jurisdictional grounds are based, which, taken together constitute the charges on which he is to be tried."

In the matter now being considered the city manager failed to give petitioner, in the notice of dismissal, "a written statement of the reasons" for his dismissal, but only called petitioner's attention to "Rule 12, Section 4, Section F" of the personnel rules, thus, failing to advise petitioner of what he had to meet.

While not adopted by the city of Dania, the provisions of F.S. §174.10 reenforce petitioner's position, said section requiring with a notice of discharge "specifications of facts" as will enable an employee to be placed fairly upon his defense. Also, see City of Daytona Beach v. Layne, Fla., 91 So.2d 814.

At the hearing before the board petitioner objected to the lack of a written statement of the reasons for his dismissal in the notice.

Respondent's observation that petitioner did not exactly follow the rules in making his appeal is of no force, because the respondent followed up the demand with a hearing, heard the demand, and reached a decision.

The petition for certiorari is granted and the action of the respondent in which it dismissed the petitioner is quashed, and it is adjudged that the petitioner be reinstated retroactive to the date his dismissal was purportedly effective and, further, that the respondent pay petitioner all wages, salaries and emoluments to which he is entitled from the effective date of his dismissal to the effective date of his reinstatement.