FORT MYERS DEVELOPMENT CORPORATION, a Corporation, and IRVING WALKER, *Appellant,* v. J. W. MCWILLIAMS COMPANY, a Corporation, *Appellee.*

En Banc.

Opinion filed May 13, 1929.

*E. J. L'Engle* and *J. W. Shands*, for Appellants;

*Treadwell & Treadwell* and *J. B. Campbell*, for Appellee.

WEST, Circuit Judge.

This is a suit to foreclose a mortgage on 23,000 acres of land in Lee County. The bill of complaint is in the usual form. The indebtedness, payment of which is secured by the mortgage, is evidenced by promissory notes of defendant, Fort Myers Development Company, payable to complainant, J. W. McWilliams Company. The notes are in payment of a balance due on the purchase price of the land described in the mortgage.

The parties are given in this opinion the same designation as they bore in the court below.

By answer defendant averred deception and fraud in the transaction by complainant and Irving Walker, who negotiated the sale and who, upon its organization, became a stockholder and president of defendant corporation.

There was an order sustaining a motion to strike all that portion of the answer whereby defendant seeks affirmative relief. Thereupon leave was granted defendant to file an amended answer and counter-claim. The amended answer contains substantially the same averments. The difference

between them is not sufficient in substance to be material in considering the question presented on this appeal. The answers in form aver the deception and fraud of the complainant and Walker as a defense to foreclosure. And each of them re-avers the same matter as a counter-claim and prays for affirmative relief in the nature of rescission of the contract, recovery by defendant of moneys paid by it to complainant under the contract, and cancellation of shares of stock issued by defendant to Walker.

Upon motion of complainant paragraph 17 of the amended answer, by which it re-avers all of the matters set forth in paragraphs 5 to 16 inclusive of the answer as its counter-claim and cross-action against the complainant and Walker, and the prayer of the answer for affirmative relief, were stricken. The motions to strike are general. Neither of them designates specifically the portions of the answer sought to be eliminated. It would be difficult to segregate and strip from the answer ''that portion'' which ''seeks affirmative relief,'' as stated in the motion to strike, from the original answers, or ''all portions'' whereby ''affirmative relief is sought'' and ''counter-claim asserted,'' as stated in the motion to strike, from the amended answer.

This appeal is from the orders striking portions of the original and amended answers. The orders are assigned as errors.

The complainant seems to admit that the matters set forth in the answer may be properly pleaded as a defense to the suit, but to deny their sufficiency as a basis for counter-claim and affirmative relief. And while the averments with respect to the counter-claim and affirmative relief are identical with the averments as interposed as a defense to the suit, as to the former, as we understand the record, they are stricken, while as to the latter they remain

in as an answer to the bill as fully and to the same effect as if the orders appealed from had not been made.

The question presented by the appeal, as stated in the brief on behalf of defendant, appellant here, is: May a vendor with impunity arm his vendee with a contract, reciting a false consideration, for the purpose of enabling him to defraud his principal and associates of a secret profit, and thereafter actively aid and abet such vendee in securing such secret profit from a corporation of which vendee is promoter and president?

In the brief on behalf of the appellee it is said the principal question to be determined is: Whether or not, in the absence of any averment of injury to itself under the contract complained of in the answer, defendant is entitled to rescind the entire contract and recover from complainant the portion of the purchase price which had been paid by it upon the property.

The difference between them, as we understand, is the defendant places the emphasis on the alleged fraud, while the complainant assumes that the answer contains no averment of injury.

The following statement contains the substance of paragraphs 5 to 16 of the amended answer, which as a counter-claim were stricken.

The mortgage and the notes described in the bill of complaint were executed and delivered by defendant to complainant, pursuant to a contract entered into between complainant and Walker, dated June 12, 1925. Prior to that time Walker was negotiating with complainant for the purchase of the land described in the mortgage, and complainant was then advised that Walker contemplated the promotion and organization of a corporation for the purchase of the land at a secret profit to himself, and in order to induce others to join with him in such corporation,

it would be necessary that Walker represent to such persons, and induce them to believe, that they would acquire an interest in the land, through such corporation, on the same terms and at the same price as Walker.

That complainant and Walker, conspiring and contriving to deceive and defraud such corporation as Walker might promote for the purchase of the land, entered into an arrangement by which complainant and Walker should execute a contract, whereby complainant would purport to sell to Walker the land described for a greater consideration than was actually to be paid therefor, the difference, amounting to approximately $15 per acre, to be paid Walker as a secret profit in the transaction. That to enable Walker to defraud and deceive any corporation that he might promote in connection with such contract, and conspiring with him to that end, complainant, on June 12, 1925, entered into a written agreement with Walker, whereby he purported to buy and complainant purported to sell to him the lands described at the price of $90 per acre, the total purchase price amounting to $2,128,704.30, payable $25,000 when the contract was executed, $25,000 in ten days, $374,132.06 on or before sixty days after the date of the contract, a like sum four months after date, and the remainder in four annual installments; all of which, except those payable ten days after date and sixty days after date, to be evidenced by promissory notes, and secured by a purchase money mortgage.

That the total purchase price recited and the installments payable sixty days after date and four months after date were not intended by complainant and Walker to be paid in full, but were set forth in the contract by complainant and Walker to deceive any corporation that Walker might promote for the purchase of the land and to induce the corporation to believe that such total amount and such

installments were actually agreed to be paid by Walker to complainant. That at the time of the execution of the contract it was secretly agreed by Walker and complainant that the purchase price for the land to complainant should be the principal sum only, of $1,773,920.25 payable $25,000 cash on the execution of the contract, $25,000 in ten days, $199,999.99 sixty days after date, $193,480.07 four months after date, and the balance in four annual installments.

That further conspiring with Walker to defraud the corporation and to enable Walker to escape in perpetrating the fraud, complainant, at the time of the execution of the contract of June 12, 1925, delivered to Walker another written agreement, that in consideration of Walker's "handling" said land, complainant would accept Walker's check for $174,132.06 to apply to the note of Walker, or his assigns, under said contract of June 12, 1925, payable sixty days after date, and that upon the payment of the balance of the note complainant would return to Walker his check, and that complainant would accept from Walker a check for $180,651.99 to apply on the note of Walker, or his assigns, under the contract due four months after date, and upon payment of the balance due on the note, complainant would return this check to Walker.

That having obtained the contract of June 12, 1925, and the additional agreement providing for the return of the two checks to him, Walker, pursuant to the scheme and conspiracy between complainant and himself, entered into negotiations with persons with whom he had previously established business and social relations, and whose confidence he had, and who became stockholders of defendant for the purpose of associating themselves in the venture and assist in financing it. That concealing his additional agreement with complainant, Walker exhibited to such persons the contract of June 12, 1925, and falsely represented

to them that it showed the true purchase price of the land. That he proposed putting $350,000 in the proposition. That he would require $350,000 additional financing, and if such persons desired, they could come in on terms of equality with him. That said persons ignorant of the secret agreement between complainant and Walker, and relying on his representations, agreed to assist Walker in financing the venture, and to that end caused the defendant corporation to be organized July 15, 1925. That from its organization Walker was the president, remaining so until a few weeks before the answer of defendant was filed. He was also a director, but not the sole stockholder. That the organization of the corporation and the purchase of its stock, was all done by promoters and organizers, other than Walker, in reliance by them upon his assurance that the purchase price and terms of payment for the land were set forth in the contract of June 12, 1925, and without any knowledge of any other contract between complainant and Walker in connection with the purchase of the land, and did not know of the additional contract until not exceeding thirty days before the institution of this suit.

That defendant, not having funds with which to pay the installment required under the contract of June 12, 1925, to be paid sixty days after date, Walker represented that he had paid the note due ten days after date and would advance for the defendant on account of said installment $174,000 in consideration of defendant's issuing to him shares of preferred stock of defendant of par value equal to moneys paid and thereafter to be advanced by him, together with certain shares of common stock of defendant. Thereupon defendant procured other of its stockholders and prospective stockholders to agree to advance the remaining sum required for said installment in consideration for stock of defendant issued to them in like proportionate

amounts, provided Walker would advance to complainant for defendant on account of said installment the amount proposed, namely, $174,000.

That pursuant to said agreement defendant procured from its prospective stockholders, other than Walker, the sum of approximately $200,000, the balance of said installment, and instructed its officers to pay said amount to complainant, and to accept from complainant a deed of conveyance for the land, and to execute in the name of defendant purchase money notes and mortgage required by the contract of June 12, 1925, if and when Walker advanced to complainant on account of said installment the sum of $174,000. That in order to induce defendant to pay said $200,000 and to accept a conveyance of said land and to execute said notes and mortgage, the complainant and Walker falsely and fraudulently represented to the defendant that Walker had paid complainant on account of said installment of the purchase price, $174,000. But that instead of paying cash, Walker had given complainant his check for this amount, as provided for by his secret agreement with complainant. That no such payment was made, the check previously given to complainant by Walker having been secretly returned to him in pursuance of said secret agreement. That the defendant, in reliance upon said false and fraudulent representations, paid to complainant the balance purporting to be due on this installment, with interest, amounting to approximately $200,000, and received from complainant its deed, dated August 12, 1925, for the land described in the bill of complaint, and executed and delivered to complainant the notes and mortgage now sought to be foreclosed. That thereupon, in consideration of Walker's pretended advance of money, the defendant issued to him shares of its capital stock in accordance with its agreement.

By the allegations with respect to the installment note due four months after date, October 12, 1925, are in legal effect the same, this payment having been handled in substantially the same manner, the difference being that this pretended payment to complainant by Walker of $174,000 was by note and, having thereby induced defendant to pay complainant the balance, amounting to $200,000, Walker's note was destroyed or returned to him.

That defendant on January 21, 1926, without knowledge of the fraudulent conduct and representations of complainant, paid to complainant an additional amount of $39,955.90 on account of interest on the said indebtedness.

That defendant, as complainant at all times knew, was fraudulently and deceitfully induced by complainant and Walker to accept from Walker the contract dated June 12, 1925, between complainant and Walker, without notice of the fraud and in good faith, relying upon the representations of Walker and the complainant that the purchase price of said land was truly set forth in the contract, and that Walker would pay for approximately $350,000 par value of its preferred stock by advancing and paying same for account of defendant on the purchase price of the land. That although defendant had not theretofore assumed or agreed to pay said purchase price, it was, on or about August 12, 1925, induced to pay complainant $200,000 and to execute the notes and mortgage described in the bill of complaint through the false and fraudulent representations of complainant and Walker, that Walker had paid the complainant for the defendant $174,000. That defendant, on or about October 15, 1925, was induced to pay complainant $207,793.40 upon account of the note maturing on that date, in reliance upon the false and fraudulent representations of complainant that Walker had paid complainant for defendant upon account of said note $174,000.

That defendant in good faith and relying on the false and fraudulent representations of complainant and Walker, that Walker had, on August 12, 1925, paid complainant for defendant the sum of $174,000 on said contract, and a like sum on October 15, 1925, issued to Walker shares of its capital stock as hereinbefore stated, and in ignorance of the fraud of Walker and complainant, paid to complainant interest on said indebtedness as hereinbefore stated.

That defendant would not have accepted the transfer of said contract of June 12, 1925, would not have delivered to complainant said notes and mortgage, would not have paid complainant said sums of money under the contract, and would not have issued its shares of capital stock to said Walker, but for the fraudulent representations and fraudulent concealment of facts by complainant and Walker. It is averred that defendant is entitled to rescind the contract and recover from complainant all moneys paid thereunder. That defendant has tendered to complainant a deed for the land to be delivered upon repayment to defendant of all moneys paid complainant. And defendant offers to do equity in the premises.

The legal sufficiency of the answer, by which defendant's counter-claim was interposed, was properly tested by motion to strike. Rev. Gen. Stat. Sec. 3122; Comp. Gen. Laws, Sec. 4908. But if the material facts averred by way of counterclaim, if shown by competent evidence to be true, would affect the equities of the case, the motion to strike should not have been granted. Holgate et al. v. Jones, 94 Fla. 198, 113 So. R. 714.

No defense was interposed by Walker. Decree *pro confesso* was, in due course, entered against him. In so far as the counterclaim and prayer for affirmative relief contained in the answer apply to Walker, the stricken portions

are not without equity. It is confessed by the record and in the briefs of counsel that relief against him may be awarded defendant in accordance with the prayer.

The well settled general rule is that promoters of a corporation must act in the utmost good faith in dealing on behalf of and with the corporation. If they undertake to sell property to the corporation, and in doing so obtain a secret profit, it is a breach of trust and a fraud on the corporation. For such conduct, promoters are liable to the corporation, either at law or equity according to the circumstances of the case. The corporation may recover damages at law for the fraud, or in a proper case may rescind the transaction and recover what it has parted with. It has been said that the method by which the corporation is to be plundered is of little consequence. It is the fact of doing so, by whatever method, that the law condemns. 14 C. J. 285; Davis v. Las Ovas Co., 227 U. S. 80, 57 Law Ed. 426, 33 Sup. Ct. R. 197.

The Court is in accord with this rule. In McNabb v. Tampa and St. Petersburg Land Co., 78 Fla. 149, 83 So. R. 90, it was held, in substance, that when there is a breach by a promoter of the trust relation existing between him and the inchoate corporation, a suit may be maintained by the corporation in a court of equity to rescind and set aside the transaction constituting the breach and recover from the promoter secret profits made by him.

Therefore, as to Walker, the answer should not have been stricken. However, we are not disposed to rest the decision on that ground, although it might be decisive, inasmuch as defendant is entitled to all the benefits of its prayer against him. But that course would leave undecided the primary question presented by arguments and briefs.

With respect to that question, if the stricken averments of the answer of defendant were proved, and the motion

to strike admits such of them as are material to be true, would defendant be entitled to the relief prayed against complainant?

It is asserted in the briefs that there is no averment of any active participation on the part of complainant in the alleged fraud practiced by Walker upon his company, the defendant, and it is contended that even if there were such participation by complainant, no injury is averred to have resulted or to have been suffered by defendant, and therefore, defendant is not entitled to rescind and recover from complainant moneys paid it in part performance of the contract.

The answer contains averments that the consideration recited in the contract of June 12, 1925, was $2,128,704.30, whereas the consideration which complainant was to receive was $1,773,920.25; that this false consideration was to enable Walker to deceive any corporation that he might promote for the purchase of the land and to induce it to believe that the recited consideration was the amount required to be paid complainant for the land, and that to enable Walker to escape detection in the deception, complainant at the same time made another and secret contract with him, agreeing to accept his checks in the aggregate sum of approximately $350,000 upon installment payments on the contract maturing sixty days and four months after date, and upon payment to complainant of the balance of such installments, to return to him his checks; that pursuant to this scheme Walker entered into negotiations with persons with whom he had established business and social relations and whose confidence he enjoyed, exhibited to them his contract, reciting the false consideration, represented to them that it contained the price required to be paid, and induced them, in reliance upon such representation, to assist in financing the venture,

whereupon the defendant corporation was, on July 15, 1925, organized, Walker being its president, none of the incorporators at that time knowing of Walker's secret agreement with complainant; that upon maturity of the installment due sixty days after date, the complainant and Walker falsely represented to defendant that Walker had paid complainant $174,000 in reduction of this installment, and thereby induced defendant to pay the balance of $200,000, to accept a deed for the property, to execute to complainant its notes for the balance of the purchase price, and in security of the payment of the notes, to execute the mortgage sought in this suit to be foreclosed, and to issue to Walker preferred stock of defendant for amount paid by him; that no such payment was made, the check for said amount given to complainant by Walker being returned to him in accordance with their secret agreement. It contains averments that the payment due four months after date was handled in substantially the same way, Walker in that instance giving complainant a note for his pretended payment, which was destroyed or returned to him in accordance with their secret agreement, after defendant had paid complainant the balance of the installment, amounting to approximately $200,000.

Do these averments of the answer, if proved, show participation by complainant in the fraud practiced by Walker on defendant and render it amenable for such fraud, even as Walker confessedly is?

The rule generally respecting liability of aiders and abettors of fraudulent promoters of corporations, is that if, with knowledge of the fraud, they concur with the promoter in carrying out his fraudulent scheme, they are liable to the corporation for what it has lost as a result of the fraud. The test is participation, not motive or degree of culpability. And liability may attach to such

participants, although they do not share in the profits of the fraud. 1 Fletcher Cyc. Corp. 303-4; 14 Cyc. 303; Stoney Creek Woolen Co. et al. v. Smalley, 111 Mich. 321, 69 N. W. R. 722; Lomita Land & Water Co. v. Robinson et al., 154 Cal. 36, 97 Pac. R. 10; Fountain Spring Park Co. v. Roberts et al. 92 Wis. 345, 66 N. W. R. 399; American Shipbuilding Co. v. Commonwealth S. S. Co., 197 Fed. R. 780, American Shipbuilding Co. v. Commonwealth S. S. Co., 215 Fed. R. 296; Lindsay Petroleum Co. v. Hurd et al., L. R. 5 Privy Council 221; Yeoman v. Lasley, 40 Ohio. St. 190.

But it is said equity can render no relief unless fraud and injury co-exist (Ocklawaha River Farms Co. v. Young et al., 73 Fla. 159, 74 So. R. 644); that no injury is averred, and therefore defendant is not entitled to the relief prayed against complainant, even though there may have been fraud in the transaction. It is averred that defendant accepted a deed for the property, formally obligated itself, by the execution of notes and mortgage, to pay for the land, did pay on account thereof something in excess of $440,000, and issued to Walker $350,000 of its capital stock for which it received nothing, being induced to do so by the deception and fraud of complainant and Walker, its promoter and president and that it would not have taken title to the land, obligated itself to pay the pretended purchase price, or paid the money to complainant, or issued the stock to Walker, but for such fraud. It can not, we think, be said that there is no basis for proof of substantial injury in such averments. Moore et al. v. Warrior Coal & Land Co., 178 Ala. 234, 59 So. R. 219; Stillwell v. Rankin, 55 Mont. 130, 174 Pac. R. 186; Fawes v. Knapp, 138 Minn. 384, 165 N. W. R. 236; Johnson v. Gavitt, 114 Ia. 183, 86 N. W. R. 256; Allen v. Barhoff, 90 Conn. 183, 96 Atl. R. 928; Kuntz v. Tonnele et al., 80 N. J. Eq., 373, 84 Atl. R. 624.

Furthermore, according to the answer, Walker was first the promoter, and after its organization as a corporation, president of the defendant. Therefore, in all the dealings between him and the defendant relating to the subject-matter of this controversy, the utmost good faith was exacted, and if complainant conspired with and corrupted Walker and aided and abetted him in a breach of his fiduciary duty to defendant, and his double dealing, in which complainant concurred, so operated upon defendant as to induce it to incur obligations that it would not otherwise have assumed, complainant is not in position to urge actual fraud or resulting pecuniary injury as a prerequisite to defendant's right to rescind. 2 Mechum on Agency, Sec. 2137.

If pecuniary injury were essential to rescission in such cases, then a principal might be robbed with impunity of the integrity of his agent, or involved in obligations different from what was contemplated, or associated in fiduciary relationship with those for whom he had been deceived, the only basis of relief being pecuniary loss.

In Glass et al. v. Craig et al. 83 Fla. 408, 91 So. R. 332, "the parties were trading at arm's length, there was nothing in their relations of a fiduciary character."

Finally, if defendant proves the averments of its counter-claim, would it be entitled to the affirmative relief prayed against complainant? On the familiar principle, that where money has been received in violation of a fiduciary duty equity has jurisdiction to compel restitution, a corporation may sue in equity to rescind and set aside a fraudulent contract with its promoters or third persons who were parties to the fraud and breach of trust, and to recover what it has parted with under such contract, returning what it has received, if the parties can be restored to their former position, and such a suit can not be defeated

on the ground that there is an adequate remedy at law, since courts of equity and courts of law have concurrent jurisdiction in such cases. McNabb v. Tampa & St. Petersburg Land Co., *supra;* Hall v. Catherine Creek Dev. Co., 78 Ore. 585, 153 Pac. R. 97; Fred Macey Co. v. Macey, 143 Mich. 138, 106 N. W. R. 722; Lindsay Petroleum Co. v. Hurd et al. *supra;* Stoney Creek Woolen Co. v. Robinson et al., *supra.*

The case of Pryor v. Oak Ridge Development Corporation, 97 Fla.—, 119 So. R. 326, is distinguishable from this case. In that case the court recognized the rule announced and followed in the McNabb case, *supra,* but held, no fiduciary relation between the parties being shown, the rule did not apply. In this case the law of the McNabb case is applied and logically extended, in accordance with the general rule, to a third person, who is averred to have conspired with one of two parties, between whom fiduciary relations exist, to the injury of the other. Furthermore, in the Pryor v. Oak Ridge Development Corporation case, the status quo could not be restored, the vendee having disposed of a part of the property.

The deflation in prices of land does not forbid the application of rescission. The theory of the answer is, that but for the fraud averred, in which complainant is alleged to have participated, the contract would not have been made. To deny to defendant the right to invoke this doctrine, would amount to an award to complainant of all the fruits of its alleged fraudulent conduct.

The conclusion follows that there is error in the orders appealed from. If the matters set up as a counterclaim are proved, affirmative relief in accordance with the prayer may be awarded defendant.

So the orders appealed from are reversed.

TERRELL, C. J., AND WHITFIELD, ELLIS, STRUM AND BROWN, J. J., concur.

BUFORD, J., disqualified.