348 So.2d 910 (1977)
GEORGE HUNT, INC., a Florida Corporation, Appellant,
v.
WASH-BOWL, INC., a Florida Corporation, Appellee.
No. 76-1521.
District Court of Appeal of Florida, Second District.
July 8, 1977.
Rehearing Denied September 1, 1977.
*911 Daniel N. Martin, Delzer, Edwards, Martin, Coulter & Parker, Port Richey, for appellant.
James L. Yacavone, III, Fowler, White, Gillen, Boggs, Villareal & Banker, Clearwater, for appellee.
HOBSON, Acting Chief Judge.
In this breach of contract action the plaintiff/appellant attacks the final judgment below denying it monies owed pursuant to a construction contract. The plaintiff specifically contends the verdict in favor of the defendant was a product of an erroneous jury instruction on the defense of fraud in the inducement. We reverse, but for different reasons.
This controversy involves an alleged cost-plus contract entered into between the parties hereto, the contract being for the construction by plaintiff of a laundry facility in Pasco County, Florida. The plaintiff constructed the building and subsequently sought payment for its efforts. The defendant refused payment and the plaintiff commenced this action.
The complaint filed by the plaintiff reflected the facts as briefly stated above asserting the cost-plus agreement, full performance, and entitlement to $23,621.28, which plaintiff posits is the amount owed. The complaint was framed entirely on breach of express contract. No request is contained therein for the value of services and materials or quantum meruit.
The defendant filed its answer admitting the genuineness of the written contract attached to the complaint, but denied the remaining allegations as to the terms of the contract, performance, and the right to payment. In addition, the defendant interposed certain affirmative defenses alleging that plaintiff had represented to the defendant, prior to the execution of the disputed document, that plaintiff would construct the facility at a cost commensurate with the cost charged for two previously constructed projects. Defendant further alleged it had relied on representations of *912 the plaintiff relating to the projected cost of the project. The essence of this affirmative defense was to set forth the specific defense of misrepresentation or fraud in the inducement of the contract. Moreover, other affirmative defenses alleged that the parties orally agreed that the plaintiff would secure the best available prices for all materials and labor, that plaintiff breached such agreement by failing to do so, and that such failure was done either negligently or intentionally in wilful and wanton disregard of the obligations owed to the defendant, resulting in damage to it.
At the conclusion of testimony the defendant presented to the court, inter alia, a requested jury instruction pertaining to the issue of fraud, and the measure of damages if the jury were to find that appellant had committed fraud. The plaintiff questioned the instruction on fraud in that the measure of damages would not be a verdict in favor of the defendant, but a reduction of the amount due so as not to allow the plaintiff to profit from its own wrongdoing.
The trial court accepted the defendant's instruction which was given as follows:
"In order for the Defendant to prove fraud in the inducement, the Defendant must show by the greater weight of the evidence that: One, Plaintiff made a false statement concerning a specific material fact; two, the Plaintiff's knowledge that the representation is false; three, an intention that the representation induced another to act on it; and, four, consequent injury by the other party acting in reliance on the representation."
The jury was also instructed as to other factors relating to the costs allocable in a cost-plus contract. Furthermore, the jury was given the option of returning a verdict for the plaintiff, with a space designated for an amount to be paid or, conversely, for the defendant, with no allowance for any monies to be paid to the plaintiff in that event. The jury found for the defendant.
Although the plaintiff frames the issue in this case in terms of the alleged invalid instruction on fraud, insofar as it denies any damages where the defendant prevails in its defense, we are inclined to reverse this case for another reason. In the first place we find no error with the form of the instruction on fraud in the inducement since it sets forth all elements which must be met to support a finding of fraud. However, we are troubled with the subsequent finding of fraud in that the record and briefs before this court show no consequent injury accruing to the defendant as a result of the alleged misrepresentation. In fact, we are hard pressed to see how the defendant has changed its position at all in reliance on the representations of the plaintiff since the defendant has paid nothing on the contract and incurred no expense as a result of it.
It is recognized, in Florida and other jurisdictions where fraud is asserted as a defense to a contract, that all essential elements of the fraudulent conduct, including some injury, must be met. 14 Fla.Jur., Fraud and Deceit §§ 41, 72 (1957); 37 Am.Jur.2d, Fraud and Deceit § 291 (1968); Annot., 91 A.L.R.2d 346 (1963). Cf. Hanley v. Bullard, 80 Fla. 578, 86 So. 439 (1920); Casey v. Welch, 50 So.2d 124 (Fla. 1951). As stated in the early case of Stokes v. Victory Land Co., 99 Fla. 795, 128 So. 408, 410 (1930),
"It is of the very essence of an action of fraud and deceit that the same shall be accompanied by damage, and neither damnum absque injuria nor injuria absque damnum by themselves constitute a good cause of action... .
"This principle is so generally understood and universally recognized that citation of authority is a work of supererogation."
This rule then is applicable whether the pleadings alleging fraud are defensive or offensive in nature and is not dependent on the stage of performance of the contract at the time suit is instituted.
Florida decisions defining injury go in both directions in explaining what constitutes damage sufficient to warrant actionable fraud defensively and offensively. Early cases reflect a requirement that the injury *913 sustained must ordinarily be pecuniary in nature. See e.g., Pryor v. Oak Ridge Dev. Corp., 97 Fla. 1085, 119 So. 326 (1928). Other Florida decisions seem to align themselves with the general rule enunciated in 37 Am.Jur.2d, Fraud and Deceit § 292 (1968), "[D]amage need not be subject to accurate measurement in money, but may result from the fact that the defrauded party has been induced to incur legal liabilities or obligations different from those represented or contracted for... ." Cf. Ft. Myers Dev. Corp. v. J.W. McWilliams Co., 97 Fla. 788, 122 So. 264 (1929).
Thus, the injury sustained must cause a party to suffer some loss, be it pecuniary or otherwise. However, this showing of injury, arising out of misrepresentation or concealment, need not amount to actionable fraud to justify its use as an element in an affirmative defense to a contract action. Busch v. Baker, 79 Fla. 113, 83 So. 704 (1920). All that is required is that the defensive pleading setting forth the essential elements show injury or damage.[1] 14 Fla.Jr., Fraud and Deceit § 72 (1957).
Turning to the case sub judice, we are unable to see in either the defendant's answer or its proof any evidence of present actual injury which has resulted from the plaintiff's alleged misrepresentations. Defendant contends the evidence of overcharging, double-billing, and charging for items not provided overwhelmingly shows injury. We disagree. As correctly asserted by the plaintiff, the defendant has not paid any portion of the monies owed on the contract. It is difficult, without speculation as to future injury possibly caused by these misrepresentations, to see how, if at all, the defendant has been injured in reliance on the promises of the plaintiff. In fact, the defendant is essentially in the same position it was prior to the plaintiff's unilateral performance. Therefore, using the general rules stated above as to what constitutes damage or injury, we find the defendant has incurred no significant change in position sufficient to find injury which would make its defense of fraud operative as a bar to the plaintiff's breach of contract action. Absent competent and substantial evidence in the record on appeal as to one of the essential elements of fraud, the judgment for the defendant must be reversed. 14 Fla.Jur., Fraud and Deceit § 89 (1957). Cf. Casey v. Welch, supra.
There being no fraud in the inducement of this contract, on remand a new trial is ordered for purposes of assessing damages arising out of the defendant's breach of the contract. At this new trial on damages the defendant should be permitted to present, in mitigation of damages, evidence of alleged overcharging, doublebilling, charging for items not provided, etc. Accordingly, the final judgment below is reversed and the cause remanded consistent with views expressed herein.
OTT, J., concurs.
McNULTY, J., concurs in conclusion only.
NOTES
[1] Cases on the necessity of showing damage to establish fraud as a defense to an action on contract are collected in Annot., 91 A.L.R.2d 346 (1963). Florida cases collected in this annotation are categorized as falling within the ambit of the general rule requiring a showing of damage to establish a defense of fraud. Allen v. United Zinc Co., 64 Fla. 171, 60 So. 182 (1912); Hanley v. Bullard, 80 Fla. 578, 86 So. 439 (1920). However, these cases are labeled as containing no reference to whether damage must be shown in both pleading and proof, pleading alone, or proof without pleading. In light of the general principles stated above, namely, that a showing of injury need not be such that it amounts to actionable fraud, we submit that a pleading setting forth a clear injury, caused by the alleged misrepresentation or concealment, would be sufficient, without proof of damages, to state a defense of fraud, assuming the existence of the other elements.