**BLACKHAWK TENNESSEE, LTD. PARTNERSHIP, a Tennessee Limited Partnership, Plaintiff,**

v.

**Roger L. WALTEMYER, individually and O'Halloran, Johnson, Waltemyer & Hussey, Defendants.**

No. 93–313–CIV–FTM–17D.

United States District Court, M.D. Florida, Fort Myers Division.

April 17, 1995.

Joseph C. Mason, Jr., Anne S. Mason, Mason & Associates, P.A., Clearwater, FL, Frank G. Abernathy, McMackin, Garfinkle, McLemore & Walker, Nashville, TN, for plaintiff.

Paul E. Liles, O'Halloran, Johnson, Waltemyer & Hussey, Ft. Myers, FL, E.E. Edwards, Edwards & Simmons, P.A., Nashville, TN, for Roger L. Waltemyer and O'Halloran, Johnson, Waltemyer & Hussey.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

KOVACHEVICH, District Judge.

This cause is before the Court on Defendants' Motion for Summary Judgment and memorandum in support thereof (Dkt. Nos. 37 and 38), and response thereto (Dkt. No. 46).

## FACTS AND PROCEDURAL HISTORY

This is an action for fraud and legal malpractice in connection with a commercial real estate closing and the lending of money to a bankrupted debtor. In December of 1991, Hugh Lee Nathurst, III, Debtor, retained Defendant, Roger Waltemyer, to represent him in a bankruptcy filing in the Middle District of Florida. Mr. Waltemyer accepted and undertook such representation, submitting the paperwork, including the schedules signed by Debtor, to the Court to commence a Chapter 11 proceeding. Debtor is the brother of Plaintiff's limited partner.

The bankruptcy schedules filed with the Court list Debtor's fee simple interest in a real estate development called the "Blackhawk" project, as well as a 25% personal property interest in property held in trust known as Lofton's Island.

The Blackhawk development was designed to be a 73 site, single family home project. Debtor experienced difficulty with the development of Blackhawk and was unable to pay the mortgages held by the National Bank of Lee County (NBLC) when they fully matured on December 13, 1990. NBLC held a first mortgage over the Blackhawk property.

Ray C. Nathurst, Davis H. Carr, John M. Stewart, Jr., and Blackhawk–Tennessee, Inc., as general and limited partners, created Blackhawk–Tennessee, Ltd. (Plaintiff) on or about August 16, 1991. The purpose of this limited partnership was to acquire and develop the Blackhawk property. Davis H. Carr withdrew as a limited partner on or about April 3, 1992.

On or about September 6, 1991, Debtor transferred a fee simple interest in Blackhawk to Plaintiff. On October 16, 1991, Plaintiff filed for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the Middle District of Tennessee, Case No. 391–09941, in order to restructure the mortgage on Blackhawk.

The venue of Plaintiff's Tennessee Chapter 11 case was challenged, and the case was transferred to the Middle District of Florida, Case No. 91–16308–9P1. The development was subsequently transferred to Debtor for valid consideration.

On December 10, 1991, Debtor filed a Chapter 11 Bankruptcy Petition in the Middle District of Florida. Defendants handled this bankruptcy action.

NBLC filed a Motion to Dismiss Plaintiff's Chapter 11, which was granted on January 10, 1992. On January 15, 1992, NBLC filed a motion for relief from the automatic stay in Debtor's bankruptcy case seeking permission to foreclose its mortgage on Blackhawk, or be given adequate protection.

Both parties knew that Plaintiff's loan to Debtor required Bankruptcy Court approval. On February 4, 1992, Plaintiff executed a quit-claim deed of the Blackhawk property to Debtor. The mortgage, which indicates Defendant as the preparer and recorder in con-

nection with the closing, contained no condition concerning bankruptcy approval.

At a hearing on February 6, 1992, Defendant, appearing for Debtor, informed the Bankruptcy Court that a loan was being obtained which would allow Debtor to make adequate protection payments and forestall the foreclosure of the mortgage. Debtor orally agreed with counsel for NBLC to adequate protection payment schedule that would stay foreclosure proceedings until July 20, 1992. NBLC required Debtor to pay $35,506.26 for each periodic adequate protection payment. The first payment was due on March 1, the second on March 15, and four subsequent payments were due on the 15th day of April, May, June, and July.

The Bankruptcy Court accepted the agreement and entered an order on February 11, 1992. The order provided that by July 20, 1992, Debtor had to submit a contract for sale of the entire property without meaningful contingencies and which was acceptable to NBLC. If Debtor was unable to comply with the order, then NBLC would be allowed to foreclose.

On February 18, 1992, Plaintiff and Debtor signed a letter of intent that the loan would be at least $600,000.00. Wire instructions for having the adequate protection funds, due on March 1, sent to Debtor for Blackhawk, were sent to Plaintiff on February 28, 1992, at the request of Debtor. Plaintiff provided Debtor with protection payments for March 1 and March 15, although the loan closing was not completed until April 1, 1992.

Plaintiff obtained a loan commitment from the Bank of Nashville which was conditional on the express approval of the Bankruptcy Court enabling Plaintiff to receive super-priority treatment under the Bankruptcy Code. This was also essential to the validity of the Lofton's Island mortgage in Lee County, Florida.

On June 2, 1992, Defendant filed a Motion for Authorization to Obtain Credit for the loan from Plaintiff. At the August 6 hearing, the Bankruptcy Court denied the motion and formally issued its order on August 21, 1992. The case was converted from a Chapter 11 to a Chapter 7 on or about August 10, 1993.

In July 1992, NBLC sought relief from the Bankruptcy stay because Debtor had been unable to comply with the adequate protection order in that he was unable to secure a purchaser for Blackhawk by July 20, 1992. The Court granted relief. Several efforts to hold off foreclosure were considered and attempted, but none was successful. NBLC eventually foreclosed on Blackhawk and extinguished all other interests.

## STANDARD OF REVIEW

■ This Court authorizes summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "At the summary judgment stage the judge's function is not to himself weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

■ This circuit clearly holds that summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the nonmoving party. *Sweat v. Miller Brewing Co.,* 708 F.2d 655 (11th Cir.1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hayden v. First National Bank of Mt. Pleasant,* 595 F.2d 994, 996–997 (5th Cir.1979), quoting *Gross v. Southern Railroad Co.,* 414 F.2d 292 (5th Cir.1969).

■ The United States Supreme Court in *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) put to rest any lingering doubts as to the strict requirements of Rule 56, Fed.R.Civ.P. The movant is entitled to entry of a summary judgment only where the other party has failed to articulate evidence as to an essential element of their case. *Id.* at 322–23, 106 S.Ct. at 2552–53.

## DISCUSSION

■ "Generally, in a claim for legal malpractice, plaintiffs must plead and prove: (1) the attorney's employment; (2) the attorney's neglect of a reasonable duty; (3) the attorney's negligence resulted in and was the proximate cause of loss to the client/plaintiff." *Orr v. Black & Furci, P.A.*, 876 F.Supp. 1270 (M.D.Fla.1995).

### Choice of Law

Defendant asserts that the choice of law in this case must be Florida law under the Restatement (Second) Conflict of Laws, and the Florida Supreme Court's adoption of the Restatement's "most significant relationship" analysis. *Bishop v. Florida Specialty Paint Co.*, 389 So.2d 999 (Fla.1980). Since Plaintiff agrees to the resolution of the issues under Florida law, the Court will not address this issue further.

### Legal Relationship

■ Under Florida law, a legal malpractice action requires the plaintiff either to be in privity with the attorney, wherein one party has a legal obligation to another, or alternatively, the plaintiff must be an intended third party beneficiary. *Espinosa v. Sparber, Shevin, Shapo, Rosen, and Heilbronner*, 612 So.2d 1378 (Fla.1993).

■ Defendants claim they owed no duty to Plaintiff due to the lack of an attorney-client relationship between the parties. A legal relationship depends on the intent of the "client," not on the actions of the lawyer. *Dean v. Dean*, 607 So.2d 494 (Fla. 4th DCA 1992).

■ Section 90.502(1)(b), Florida Evidence Code, defines "client" as any person "who consults a lawyer with the purpose of obtaining legal services or who is rendered legal services by a lawyer." In this instance, a factual dispute exists as to whether Defendants provided Plaintiff with the legal services of: (1) preparing the mortgage documents, (2) recording the mortgage documents after closing, (3) preparing the title work, and (4) forwarding the fully executed title commitment to Plaintiff.

However, Plaintiff's intent that Defendants provide these legal services establishes a sufficient attorney-client relationship between the parties to allow Plaintiffs to pursue a claim for legal malpractice. Defendants' failure to establish that Plaintiff lacked this intent precludes an entry of summary judgment based on an absence of an attorney-client relationship.

### Misrepresentation, Fraud, or Negligence

Defendant also claims that the lack of evidence of a fraudulent or misrepresented statement bars summary judgment here. However, Plaintiff asserts that Defendants made several direct and indirect representations upon which Plaintiffs relied to its detriment.

■ Under Florida law, false statements relied upon to one's detriment are actionable. *George Hunt, Inc. v. Wash Bowl, Inc.*, 348 So.2d 910 (Fla. 2d DCA 1977). Silence can be equated with fraud where there is a legal or moral duty to speak or where an inquiry left unanswered would be intentionally misleading. *U.S. v. Prudden*, 424 F.2d 1021 (11th Cir.) *cert. denied*, 400 U.S. 831, 91 S.Ct. 62, 27 L.Ed.2d 62 (1970).

■ Defendants' presentation of a signed title commitment absent exclusions for bankruptcy approval and their recording of the unconditional mortgage of the property that was security for the loan induced Plaintiff to believe that bankruptcy approval had been met. All parties indicate their understanding that bankruptcy approval was a requirement for the loan transaction.

However, there remains some dispute as to whether Defendants told Plaintiff that the Bankruptcy Court had approved the loan. The remaining material factual issues in dispute preclude this Court from entering summary judgment for misrepresentations, fraud, and/or negligence.

### Proximate Causation to Damages

■ Finally, Defendants assert that Plaintiff has not sustained any damages as a result of the actions or omissions of Defendants. In response, Plaintiff claims but for Defendants' negligence and misrepresentations regarding the bankruptcy loan approv-

al, they would not have incurred the following damages: (1) Plaintiff is a general unsecured creditor; (2) the validity of Plaintiff's mortgage has been challenged in the bankruptcy case; (3) Plaintiff's insurance for said mortgage has been denied; and (4) Plaintiff has suffered actual damages as a result of Debtor's failure to make payments on its loan. Since proximate causation is normally a factual issue, reasonable minds could differ as to the proximate causation of the damages incurred by Plaintiff.

## CONCLUSION

In conclusion, the Court finds that Plaintiff has successfully established: (1) the legal relationship between the parties is at issue; (2) the negligence or fraudulence of Defendants remains in dispute; and (3) the acts or omissions of Defendants proximately caused damage to Plaintiff is in controversy. Accordingly it is

**ORDERED** that Defendants' Motion for Summary Judgment (Dkt. No. 37) is **denied.**

**DONE and ORDERED.**